# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DOMENIC CAPELLUTI,<br><br>      Plaintiff,<br><br>      v.<br><br>CITY OF WAUKEGAN and AMY LYNN STREGE,<br><br>      Defendants. | No. 12 C 8197<br>Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

Domenic Cappelutti ("Plaintiff"), a police officer with the City of Waukegan, alleges a violation of substantive due process under Section 1983 (42 U.S.C. §1983) (Count I) and a state-law tort claim for intrusion upon seclusion (Count II) against the City of Waukegan (the "City") and its Assistant Corporation Counsel, Amy Lynn Strege ("Strege") (collectively, "Defendants"), due to Defendants' alleged disclosure of some of Plaintiff's personal information in response to a Freedom of Information Act ("FOIA") request.

### BACKGROUND

Plaintiff, a detective with the Lake County Major Crimes Task Force, has been employed as a Waukegan police officer for approximately 17 years. Strege was authorized by the City to handle responses to FOIA requests. Plaintiff worked as a plain-clothes detective in the investigations unit and the gang unit for the majority of his career, however he is currently a patrol officer appointed to the high crimes area.

In 2005, Plaintiff arrested Abdul Love for possession of a controlled substance (cocaine) with intent to deliver. While in custody, Love hired someone to murder Plaintiff for $45,000 so

that Plaintiff could not testify against Love in the drug case. Love's plot was averted, and Love was ultimately charged with solicitation of murder for hire and sentenced to prison terms of 25 years for the solicitation conviction and 15 years for the unlawful possession conviction. Since then, Plaintiff has taken precautions to protect himself and his family's anonymity, including selling his house, changing his route of travel to and from work, using a post office box for mail, selling his cars, and installing a dark tint on the windows of his car.

On May 6, 2011, Defendants received a FOIA request from newspaper reporter Dan Hinkle of the Chicago Tribune relating to personal information of the Plaintiff. Strege responded on or about May 12, 2011 pursuant to the Illinois FOIA Act, 5 ILCS 140/1, *et seq*. In Count I, Plaintiff alleges Defendants, by their affirmative act of responding to the FOIA request, created or increased a danger faced by Plaintiff. By reason of Defendant's actions, Plaintiff states that he has been and will continue to be deprived of rights secured by the U.S. Constitution in violation of 42 U.S.C. § 1983.

Plaintiff alleges that Defendant Strege intentionally, recklessly, or with deliberate indifference and without regard for the safety of Plaintiff and his family, disseminated to Hinkle and the Chicago Tribune highly personal and private information, including unique identifiers and medical records within the meaning of FOIA. This information is under the control and custody of the Waukegan Police Department and included the names and addresses of Plaintiff's medical providers, his health insurance identification number, and employee identification number. Plaintiff asserts that none of the information released by Defendant Strege was redacted to exclude the personal, private information about Plaintiff, a claim disputed by the Defendants. Plaintiff alleges the private information released to the Tribune created a serious risk to the personal safety of Plaintiff and his family members, and that such information was exempt from

disclosure under FOIA. Plaintiff further alleges that since the Tribune had substantial capacity to disseminate his personal information to a wide and diverse audience including Abdul Love, his associates, and other gang members, Defendants' malicious and or reckless dissemination of that information to the Tribune put him and his family at great risk of bodily harm. The City attached to its Motion to Dismiss a letter from Senior Counsel for the Tribune returning the documents in question to counsel for the City.

In his claim for intrusion upon seclusion, Plaintiff asserts that Strege was not authorized to intrude or pry into Plaintiff's medical records for the purposes of responding to the FOIA request because they were exempt from disclosure, and Mr. Hinkle made no requests for the medical records in any event. Plaintiff claims that Defendants' intrusion into his medical records caused anguish and suffering, and that he lives in fear that Defendants may in the future disclose additional private information.

In each count, Plaintiff seeks to enjoin Defendants from disseminating personal information, to require Defendants to maintain in confidence Plaintiff's private information, damages in excess of $100,000, and costs and attorney's fees. Plaintiff also requests trial by jury. Defendants move to dismiss both counts pursuant to Federal Rule of Civil Procedure 12(b)(6).

## ANALYSIS

**Legal Standard for Rule 12(b)(6) Motion to Dismiss**

A complaint will be dismissed under Rule 12(b)(6) if, taking all facts alleged by the plaintiff to be true, and construing all inferences in plaintiff's favor, the plaintiff has failed to state a claim upon which relief can be granted. *Pleva v. Norquist*, 195 F.3d 905, 911 (7th Cir. 1999). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed

factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, (2007). Factual allegations must be enough to raise a right to relief above the speculative level, that is, the pleading must contain something more than a statement of facts that merely creates a suspicion of a legally cognizable right of action. *Id.*

**Count I - 42 U.S.C. § 1983 against the City of Waukegan**

A motion for dismissal of a §1983 suit under Rule 12(b)(6) is a "delicate matter that district courts should approach carefully." *Bourke v. Village of Tinley Park,* No. 04 C 1153, 2004 WL 1490270, *1 (N.D.Ill. Jul 06, 2004), quoting *Jacobs v. City of Chicago,* 215 F.3d 758, 765 (7th Cir. 2000). It is well settled that a municipality is only liable under 42 U.S.C. § 1983 if it causes a constitutional deprivation through an official policy or custom. *Lee v. O'Malley*, 533 F. Supp 2d 548, 553 (D. Md. 2007) (quoting *Monell v. Dep't of Social Services,* 436 U.S. 658, 694 (1978)).

The City argues that Plaintiff fails to allege an official policy or custom giving rise to a § 1983 violation. Taking all that Plaintiff has alleged to be true, I find that Plaintiff does not allege an official policy or custom of the City of Waukegan relating to the release of private information. Plaintiff cites to only one instance (his own) where information has allegedly been released in violation of § 1983. At best, Plaintiff then speculates that it can be inferred that Defendants have also unconstitutionally responded to similar FOIA requests regarding other employees. This does not allege a policy or custom sufficient to withstand Defendants' 12(b)(6) attack on the Complaint. The facts certainly support an inference that the City responds to FOIA

4

requests regarding other employees, but there is little to suggest that the City has a custom or policy of doing so in a manner inconsistent with the Constitution.

Aside from the failure to sufficiently allege a custom or policy, it is not clear that the release of the information at issue was violative of Plaintiff's constitutional rights. In his Response to Defendants' motion, Plaintiff correctly notes that he bears the burden of showing that the constitutional right violated was clearly established at the time of the challenged conduct. He has not adequately done so.

Neither the Seventh Circuit, nor the Supreme Court has held that the release of the type of information at issue is constitutionally protected under a right to privacy. Plaintiff has not pointed to a case holding to the contrary. What Plaintiff does appear to argue is that a perceived violation of FOIA's privacy safeguards is tantamount to a constitutional violation of his privacy rights. This is incorrect. There is nothing in FOIA or in the cases interpreting it to suggest that a violation of privacy within the meaning of FOIA amounts to a constitutional violation. Plaintiff mistakenly conflates these two concepts.

Plaintiff also alleges a violation of his due process rights under the "state-created danger" exception. To establish a substantive due process claim under a state-created danger theory, Plaintiff must demonstrate that: (1) the district, by its affirmative acts, created or increased a danger that Plaintiff faced; (2) the district's failure to protect him from danger was the proximate cause of his injuries; and (3) the district's failure to protect him "shocks the conscience." *Jackson v. Indian Prairie Sch. Dist.* 204, 653 F.3d 647, 654 (7th Cir. 2011).

Plaintiff has not adequately pled "conscience-shocking" behavior on the part of Defendants. "Only conduct falling toward the more culpable end of the spectrum shall be found to shock the conscience." *King ex rel. King v. East St. Louis School District* 189, 496 F.3d 812,

819 (7th Cir. 2007) (citing *County of Sacramento v. Lewis,* 523 U.S. 833, 849 (1998)). Plaintiff asserts that Defendants knew or should have known that releasing the FOIA information could put him in danger. This, of course, would satisfy only a negligence standard. Although Plaintiff later asserts that Defendants "acted recklessly," the assertion is merely conclusory, and it is not supported with facts. Defendants did redact considerable portions of Plaintiff's records. Further, even if one were to conclude this redaction was insufficient, I cannot agree that Plaintiff has sufficiently alleged culpability that rises above negligence. See *King ex rel. King 496 F.3d at 819.* ("in all cases, the [conduct in question] must be more culpable than mere negligence, which is categorically beneath the threshold of constitutional due process.")

Accordingly, Defendant City of Waukegan's Motion to Dismiss Count I is granted.

**Count I - 42 U.S.C. § 1983 against Strege**

In moving to dismiss Count I brought against her by Plaintiff, Strege raises the shield of qualified immunity. Government officials may raise qualified immunity as an affirmative defense against § 1983 actions. *Aboufariss v. City of* DeKalb, 305 Ill. App. 3d 1054, 1065 (1999). quoting Gomez *v. Toledo,* 446 U.S. 635, 640, (1980); *Forman v. Richmond Police Department,* 104 F.3d 950, 957, (7th Cir. 1997). Generally, government officials who perform discretionary functions are protected against civil liability unless "their conduct * * * violate[s] clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). A two-part test is triggered when qualified immunity is invoked. The first is whether a Plaintiff has stated a constitutional violation, and the second is whether the constitutional right was clearly established at the time of the alleged violation.

Plaintiff alleges two constitutional violations. The first is a constitutional violation of privacy. As discussed above, I do not find a constitutional violation of privacy at issue here. The second is a due process violation by virtue of the "state-created danger" doctrine. Again, however, as discussed above, I do not find that the elements for the "state-created danger" exception are satisfied here. Defendant Strege is entitled to qualified immunity.

Accordingly, Defendant Strege's Motion to Dismiss Count I is granted.

**Count II – Intrusion Upon Seclusion**

Insofar as Plaintiff seeks monetary damages for his claim for intrusion upon seclusion, his claim fails because it is time-barred. In his Response to Defendants' Motion to Dismiss, Plaintiff implicitly concedes this point. The claim is barred by the one-year statute of limitations in the Tort Immunity Act. (745 ILCS 10/1-101).

Although Plaintiff's intrusion upon seclusion claim is not time-barred to the extent he seeks injunctive relief, I find that, on these facts, the claim may be dismissed as moot. To the extent that Plaintiff seeks injunctive relief relating to future dissemination of the information in question, the matter has already been resolved. The Tribune has returned the documents to the City, and there is nothing to suggest that the City will disseminate the information publically in the future. The First Amended Complaint does not allege any ongoing injury, and the plea for injunctive relief, such as it is, is wholly undeveloped.

Accordingly, Defendants' Motion to Dismiss Count II of Plaintiff's Complaint is granted.

## CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss are granted.

ENTER:

James B. Zagel
United States District Judge

DATE: June 27, 2013